UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BETSY S. WILSON, | ) |
| | ) |
| PLAINTIFF | ) |
| | ) |
| VS. | ) CAUSE NO. 3:17-CV-253 RLM-MGG |
| | ) |
| NANCY A. BERRYHILL,[1] ACTING COMMISSIONER OF SOCIAL SECURITY, | ) ) |
| | ) |
| DEFENDANT | ) |

OPINION and ORDER

Betsy Wilson seeks judicial review of a final decision denying her application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 423 and 1383 *et seq*. The court has jurisdiction over this action pursuant to 42 U.S.C. § 405(g), and heard counsels' arguments on March 1. For the following reasons, the court vacates the Commissioner's decision and remands this case for further proceedings consistent with this opinion.

I. BACKGROUND

Ms. Wilson's application for disability insurance benefits and supplemental security income was denied initially, on reconsideration, and after an administrative hearing at which she and a vocational expert testified. Based

---

[1] **Error! Main Document Only.**Carolyn W. Colvin, the Acting Commissioner of Social Security, has been substituted as the named defendant, pursuant to Fed. R. Civ. P. 25(d)(1).

on the record before him, the ALJ found that Ms. Wilson had severe impairments—major depressive disorder, recurrent moderate; anxiety disorder; and obesity—but concluded that none of her impairments met or medically equaled any of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1.

The ALJ decided that Ms. Wilson had the residual functional capacity to perform a full range work at all exertion levels, as defined in 20 C.F.R. §§ 404.1567, 416.967, with limitations;[2] including her past relevant work as an order filler/packer and other work that existed in significant numbers in the national economy, such as kitchen helper, prep cook, and conveyer tender. The ALJ concluded that she wasn't disabled within the meaning of the Social Security Act and wasn't entitled to benefits.

When the Appeals Council denied Ms. Wilson's request for review, the ALJ's decision became the Commissioner's final decision. Sims v. Apfel, 530 U.S. 103, 107 (2000); Jones v. Astrue, 623 F.3d 1155, 1160 (7th Cir. 2010). This appeal followed.

## II. STANDARD OF REVIEW

---

[2] The ALJ concluded that Ms. Wilson was limited to:
> [s]imple, routine, and repetitive tasks but not at a production rate pace, such as assembly line work. [Ms. Wilson] may have frequent contact with supervisors and only occasionally contact with coworkers and the public. Further, she is limited to simple work-related decisions and time off task can be accommodated by normal breaks.

[Doc. No. 9 at 27].

2

The issue before the court isn't whether Ms. Wilson is disabled, but whether substantial evidence supports the ALJ's decision that she wasn't disabled. Scott v. Astrue, 647 F.3d 734, 739 (7th Cir. 2011); Nelms v. Astrue, 553 F.3d 1093, 1097 (7th Cir. 2009). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); Jones v. Astrue, 623 F.3d at 1160. In reviewing the ALJ's decision, the court can't reweigh the evidence, make independent findings of fact, decide credibility, or substitute its own judgment for that of the Commissioner, Simila v. Astrue, 573 F.3d 503, 513 (7th Cir. 2009); Powers v. Apfel, 207 F.3d 431, 434–435 (7th Cir. 2000), but instead must conduct "a critical review of the evidence, considering both the evidence that supports, as well as the evidence that detracts from, the Commissioner's decision." Briscoe v. Barnhart, 425 F.3d 345, 351 (7th Cir. 2005). While the ALJ isn't required "to address every piece of evidence or testimony presented, he must provide a 'logical bridge' between the evidence and the conclusions so that [the court] can assess the validity of the agency's ultimate findings and afford the claimant meaningful judicial review." Jones v. Astrue, 623 F.3d at 1160. ALJs must "sufficiently articulate their assessment of the evidence to assure [the court] that they considered the important evidence and to enable [the court] to trace the path of their reasoning." Scott v. Barnhart, 297 F.3d 589, 595 (7th Cir. 2002) (internal quotations omitted).

III. DISCUSSION

Ms. Wilson argues that the ALJ's decision wasn't based on substantial evidence because he improperly weighed the opinion evidence of Dr. Lois Duryea, D.O., didn't address relevant evidence in the record from Ms. Wilson's former employer, incorrectly found that her time off task could be accommodated by normal breaks, and erroneously discounted her credibility.

Ms. Wilson's situation posed a hard question for the ALJ; a "psychiatric impairment is not as readily amenable to substantiation by objective laboratory testing as a medical impairment." Poulin v. Bowen, 817 F.2d 865, 873 (D.C. Cir. 1987) (quoting Lebus v. Harris, 526 F. Supp. 56, 60 (N.D. Cal. 1981)). But this court can't affirm the ALJ's decision unless he "provided a 'logical bridge' between the evidence and the conclusions." Jones v. Astrue, 623 F.3d at 1160.

Ms. Wilson first contends that the ALJ improperly weighed the opinion evidence of Dr. Duryea, her treating psychiatrist. The only opinion evidence from Dr. Duryea that the ALJ weighed was a note from Dr. Duryea stating: "Betsy can work 4 hours a day for 5 days a week. Please schedule accordingly. Thank you."[3]

---

[3] The court recognizes that whether Ms. Wilson is unable to work is a determination reserved to the Commissioner and medical evidence on the topic isn't controlling. 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1). But that wasn't the basis the ALJ articulated for affording Dr. Duryea's opinion "little weight" and, even though her opinion addressed Ms. Wilson's ability to work full-time, the ALJ was still required to properly consider and weigh this opinion. Garcia v. Colvin, 741 F.3d 758, 760 (7th Cir. 2013); Bjornson v.

4

[Doc. No. 9 at 393]. The ALJ discounted Dr. Duryea's opinion about Ms. Wilson's ability to work, claiming Dr. Duryea "provide[d] no support for her opinion." Id. at 29. The ALJ is right that the note itself provided no support for her opinion, but the ALJ didn't recognize that Dr. Duryea's treatment records repeat this opinion and demonstrate her basis for it.

Dr. Duryea repeatedly opined in Ms. Wilson's treatment notes that her anxiety and depression impairments prevented her from working full-time, id. at 395, 401, 407, 412, 417, and noted that it was hard for Ms. Wilson to "keep jobs due to anxiety and depression." Id. at 409, 415, 420. Dr. Duryea also opined that Ms. Wilson had very high anxiety, with "several phobias," PTSD symptoms, and a racing heart at work. Id. at 413, 418. The ALJ addressed some of Dr. Duryea's treatment notes in his opinion, but the ALJ didn't acknowledge this support and substantiation of her opinion on Ms. Wilson's ability to work. Accordingly, the ALJ didn't "provided a 'logical bridge' between the evidence and [his] conclusion[ ]" that Dr. Duryea provided no support for her opinion that Ms. Wilson couldn't work full-time. *See* Jones v. Astrue, 623 F.3d at 1160.

Ms. Wilson also argues that the ALJ erred by not addressing evidence in the record from Walmart, one of her former employers, about her ability to maintain a reasonable work schedule. The ALJ relied on Ms. Wilson's full-time employment at Walmart in early 2014 to discount her complaints of depression

---

Astrue, 671 F.3d 640, 647–648 (7th Cir. 2012).

and anxiety, but didn't address the Walmart records that shows that Ms. Wilson didn't show up for work, was absent without authorization, or didn't complete her shift 19 times during her five months of work at Walmart, an average of almost four times per month. [Doc. No. 10 at 338–347]. The Walmart records don't indicate why Ms. Wilson chronically failed to complete her shift or was absent, but she testified that her anxiety, including its physical manifestations, such as diarrhea, stomach pain, and headaches, was the cause and Dr. Duryea's treatment notes support this testimony.

The Commissioner concedes that the ALJ didn't address this evidence of Ms. Wilson's attendance issues at Walmart, but asserts that the he isn't required to discuss every piece of evidence in the record, citing <u>Sims v. Barnhart</u>, 309 F.3d 424, 429 (7th Cir. 2002), and that the ALJ discussed later-dated evidence demonstrating the Ms. Wilson was capable of working. It's true that an ALJ needn't discuss every piece of evidence in the record and can properly rely on more recent evidence, but he "must evaluate all relevant evidence when determining an applicant's [residual functional capacity]," <u>Arnett v. Astrue</u>, 676 F.3d 586, 591 (7th Cir. 2012), and provide a logical bridge from the evidence to his conclusions. <u>Jones v. Astrue</u>, 623 F.3d at 1160.

The ALJ erred by not addressing the Walmart records; he found her employment history relevant to the severity of her impairments and the employment records were also relevant to his ultimate conclusion that she was capable sustaining gainful employment because, if credited, they could support

a finding of disability. *See* Voigt v. Colvin, 781 F.3d 871, 874 (7th Cir. 2015) ("miss[ing] four workdays a month would reduce one's average workweek from five to four days, which would not constitute working on a sustained basis as defined by the Commission").

Ms. Wilson next contends that substantial evidence doesn't support the ALJ's residual functional capacity finding to the extent that he found that normal breaks could accommodate her time off task. As a threshold matter, it isn't apparent on the face of the ALJ's opinion what evidence he relied on for his determination that time off task could be accommodated by normal breaks and a court can only "uphold[ ] an ALJ's decision if the evidence supports the decision and the ALJ explains his analysis of the evidence with enough detail and clarity to permit meaningful review." Id. at 591–592.

The court of appeals also requires an ALJ to "evaluate all relevant evidence when determining an applicant's [residual functional capacity]." Arnett v. Astrue, 676 F.3d 586, 591 (7th Cir. 2012). The ALJ didn't discuss relevant evidence in the record that normal breaks wouldn't be sufficient to accommodate Ms. Wilson's time off task, such as her Walmart employment records indicating that she regularly left work early without authorization or Dr. Duryea's treatment notes opining that Ms. Wilson's anxiety and depression impairments prevented her from working full-time. On remand, the ALJ should consider all relevant evidence and properly articulate and support his residual functional capacity determination.

Finally, Ms. Wilson argues that ALJ's credibility determination isn't supported by substantial evidence. ALJs' credibility determinations "are entitled to special deference because the ALJ is in a better position than the reviewing court to observe a witness," Briscoe ex rel. Taylor v. Barnhart, 425 F.3d 345, 354 (7th Cir. 2005), and should only be overturned if "it is patently wrong." Shideler v. Astrue, 688 F.3d 306, 311 (7th Cir. 2012).

As discussed, the ALJ improperly relied on Ms. Wilson's work at Walmart to discredit her depression and anxiety complaints because he didn't address her personnel records, which could support her claims of mental impairments that affected her inability to meet her employer's expectations. This matter is being remanded on other issues, so the court needn't address the other issues Ms. Wilson raised regarding the ALJ's credibility determination or reach any conclusions as to whether this problem alone makes the ALJ's credibility determination patently wrong. On remand, the ALJ should ensure that his credibility determination is reasoned and supported. *See* Creek v. Village of Westhaven, 144 F.3d 441, 445 (7th Cir. 1998) (quoting Sprague v. Ticonic Nat'l Bank, 307 U.S. 161, 168, (1939)) (a lower court can consider issues that weren't included within the mandate of the reviewing court).

IV. CONCLUSION

The court VACATES the Commissioner's decision and REMANDS this case for further proceeding consistent with this opinion.

SO ORDERED.

ENTERED:     March 5, 2018

                                        /s/ Robert L. Miller, Jr.
                                    Judge, United States District Court